Filed 11/5/15  P. v. DeLaCerda CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042171 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C9918501) |
| v. | |
| VICTOR HUERTA DELACERDA, | |
| Defendant and Appellant. | |

In 1999, appellant Victor Huerta DeLaCerda was convicted of second degree robbery and admitted strikes and serious felony enhancements.  (Pen. Code, §§ 211-212.5, subd. (c), 667, subd. (a), (b)-(i), 667.5, subd. (b), 1170.12.)  He was sentenced to a total term of 30 years to life.[1]  On December 24, 2014, appellant, acting in propria persona, filed a petition for writ of habeas corpus in the superior court arguing, among other things, that he was entitled to relief pursuant to Proposition 47.  On December 29, 2014, the superior court denied the petition in its entirety.

As to appellant's request for relief under Proposition 47, the trial court found him ineligible for resentencing, because his conviction for robbery is not one of the offenses

---

[1] We note that counsel for appellant failed to provide a summary of the facts of the underlying crime in the opening brief and the record before us does not contain any of the original charging documents or the abstract of judgment.  The cursory facts enumerated here regarding the underlying charges are taken exclusively from appellant's filings in the trial court and his supplemental brief.

enumerated in the resentencing provisions of Penal Code section 1170.18. The trial court also found that Proposition 47 does not provide "for the retroactive amendment of an enhancement allegation used to increase a sentence already imposed." This timely appeal ensued.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which concedes that the trial court's order is appealable only to the extent that it denies the petition for resentencing under Penal Code section 1170.18. Further, the brief only states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on July 23, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On August 3, 2015, we received a supplemental brief from appellant. In his supplemental brief, the appellant recites the procedural history of his underlying conviction and of his repetitive habeas petitions in the trial court, reiterates the claims he made in those habeas petitions, and makes a number of arguments directed at challenging the validity of his underlying plea, conviction and sentencing. Nothing in appellant's supplemental brief raises an arguable issue on appeal from a denial of a petition for resentencing under Penal Code section 1170.18. Therefore, we must dismiss the appeal. (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.



_____
ELIA, J.


*People v. DeLaCerda*
**H042171**